# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Ironshore Indemnity, Inc., | Civil Action No. 2:15-3653-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| J. Edward Bell, III, Bell Legal Group, LLC, *and* Darlington Veneer Company, | |
| Defendants. | |

This matter is before the Court on Defendant Darlington Veneer Company's, Defendant Bell Legal Group LLC's, and Defendant J. Edward Bell's[1] motions to lift the stay of this case (Dkt. Nos. 97, 100.) For the reasons set forth below, the Court grants Defendants' motions, lifts the stay of this case, vacates its previous order of October 14, 2016 (Dkt. No. 59) denying Plaintiff's motion to dismiss, grants Plaintiff's motion to dismiss (Dkt. No. 54), and dismisses this action without prejudice.

**I.     Background**

In 1993, Darlington Veneer, represented by J. Edward Bell, III, sued the South Carolina Public Service Authority ("Santee Cooper") in the Georgetown County Court of Common Pleas, for inverse condemnation, trespass, and negligence, because Santee Cooper had flooded Darlington Veneer's properties by releasing water from the St. Stephen Hydroplant on the Santee River. (Dkt. No. 60 at 1.) That case was removed to federal court and bifurcated between liability and damages. In March 1997, a jury found Santee Cooper liable for inverse condemnation and

---

[1] Defendants J. Edward Bell and Bell Legal Group LLC are both represented by J. Edward Bell. The Court uses "Mr. Bell" to refer to both Defendants.

trespass but not liable for negligence. (*Id.*) On Feb. 5, 2010, the district court awarded Darlington Veneer over $8 million in diminution in value and over $22 million in prejudgment interest, based on a January 1, 1993 taking date. (*Id.*)

In 2013, Darlington Veneer Company sued Bell Legal Group, LLC and J. Edward Bell, III in the Georgetown County Court of Common Pleas. *Darlington Veneer Co., Inc. v. Bell Legal Grp.*, LLC, Case No. 2013-CP-22-235 (the "Underlying Litigation," now Case No. 2016-CP-22-176). The current complaint in that action asserts a single cause of action for legal malpractice based on Mr. Bell's selection of January 1, 1993 as the taking date for the inverse condemnation claim. Darlington Veneer alleges that Mr. Bell selected that date without consultation or permission; that the flooding at issue occurred from 1985 to 1993; that a taking date before September 29, 1990 would time bar Darlington Veneer's inverse condemnation claim; and that Mr. Bell therefore should have selected a taking date three years before the Santee Litigation was filed. Instead, by selecting as the taking date January 1 of the last possible year, Mr. Bell allegedly cost Darlington Veneer 27 months of compounded prejudgment interest. (*Id.* at 2.)

Ironshore is defending Mr. Bell in the Underlying Litigation subject to a reservation of rights. (Dkt. No. 54 at 4). Ironshore filed the present action for declaratory judgment on September 11, 2015, seeking a declaration that it has no duty to make payments regarding the Underlying Litigation because the claims asserted in the Underlying Litigation are excluded by the policy's Specific Insured Retroactive Date exclusion endorsement as professional legal services related to professional legal services rendered before April 15, 1997. Defendant Darlington Veneer asserts a counterclaim against Ironshore for a declaration that the Underlying Litigation is not excluded from coverage.

On September 17, 2016, Ironshore moved for dismissal without prejudice. (Dkt. No. 54.) The Court denied the motion to dismiss because Darlington Veneer's counterclaim could not remain pending independent of this action. (Dkt. No. 59.) The Court also denied Ironshore's alternative requested relief of a stay pending resolution of the Underlying Litigation, reasoning that a stay would effectively be a dismissal without prejudice. (*Id.*) Thereafter, the complaint was answered and all parties moved for summary judgment. On April 3, 2017, the Court reconsidered the decision not to stay this case because it appeared possible that the Underlying Litigation might be tried at or almost at the same time as trial of this case, and that near-simultaneous trials of the same underlying facts would be inconsistent with sound judicial administration. (Dkt. No. 95.)

Defendants now move the Court to lift the stay because the Underlying Litigation has been set for a November 6, 2017 date certain trial, obviating the risk of simultaneous trial with this case.

**II.     Discussion**

The Underlying Litigation has been set for a November 6, 2017 date certain trial. (Dkt. No. 97-1.) Before it was stayed, this case was set for trial on or after April 10, 2017. (Dkt. No. 77.) This case has been stayed for approximately seven weeks. Thus, if the stay is lifted this case should be tried in July or August 2017. There appears to be no possibility that this case would be tried in November 2017. The Court therefore grants Defendants' motions to lift the stay of this case.

Having lifted the stay of this case, the Court reconsiders its order of October 14, 2016, denying Plaintiff's motion to dismiss without prejudice. Mr. Bell consented to dismissal without prejudice (Dkt. No. 57), but Darlington Veneer consented only if its declaratory judgment counterclaim could remain pending (Dkt. No. 58 at 2). The Court ruled that because Darlington Veneer would have no standing to assert a claim for a declaration of Ironshore's duty to indemnify Mr. Bell—before any judgment against Mr. Bell—without an action brought by Ironshore or Mr.

Bell, voluntary dismissal was barred by Rule 41(a)(2) of the Federal Rules of Civil Procedure. *See Major v. Nat'l Indem. Co.*, 229 S.E.2d 849, 850 (S.C. 1976) ("At common law, no right to maintain suit directly against the insurer existed absent privity of contract between the claimant and the insured. Because direct actions against the insurer contravenes common law, such a right must be expressly sanctioned by the legislature and not merely inferentially deduced." (citations omitted)); *Doe 34 v. Church Ins. Co.*, Case No. 2001-CP-10001088, 2001 WL 35947347 (S.C.C.C.P. Oct. 26, 2001) ("[L]ong-standing South Carolina statutory and common law prohibiting direct actions by a claimant against an alleged tortfeasor's insurer unless and until the claimant obtains a judgment against the alleged tortfeasor that the insurer refuses to satisfy."); *see also* Fed. R. Civ. P. 41(a)(2) (providing, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication").

Because Darlington Veneer pleaded its counterclaim before being served with Ironshore's motion to dismiss, the Court cannot grant voluntary dismissal based on a motion made under Rule 41(a)(2). But is does not follow that dismissal of this action without prejudice is not within the Court's discretion. "The question for a district court presented with a suit under the Declaratory Judgment Act . . . is whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (internal quotation marks omitted). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288.

-4-

Although a "federal court has the discretion to decline to entertain a declaratory judgment action," "under the law of this Circuit, the court must do so only for good reason." *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994). To determine that good reason exists to decline to entertain a declaratory judgment action, the Court must consider "1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state court; 2) whether the issues raised in the federal action can be more efficiently resolved in the pending state action; 3) whether the federal action might result in unnecessary entanglement between the federal and state systems due to overlapping issues of fact or of law; and 4) whether the federal action is being used merely as a device for 'procedural fencing,' i.e., to provide another forum in a race for *res judicata*." *Id.* at 966.

Applying those factors in this case, the Court finds that the issues raised in this action are more efficiently resolved in the impending state trial. "[A]lthough issuance of a declaratory judgment would settle part of the controversy between" Ironshore and Darlington Veneer, "it certainly would not settle the entire matter." *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 258 (4th Cir. 1996). "The state litigation, on the other hand, could resolve all issues"—a mere five months from now. *Id.* The Court further notes that the party who selected the federal forum, Ironshore, now seeks dismissal without prejudice in favor of the state forum—a change of mind caused by the ever-changing nature of Darlington Veneer's claims. (*See* Dkt. No. 54 at 4 & Dkt. No. 1-2 (showing that when Ironshore filed this action, Darlington Veneer was asserting claims that Mr. Bell charged excessive fees, calculated fees incorrectly, breached fiduciary duties, misappropriated funds, committed fraud, and violated the South Carolina Unfair Trade Practices Act—all claims that are no longer at issue).) The insured consented to dismissal without prejudice. (Dkt. No. 57.) The only party opposing dismissal in favor of state-court proceedings—Darlington

Veneer—is also the only party without standing to seek independent declaratory relief before a state-court verdict. Efficiency and judicial economy therefore are best served by dismissal of this action without prejudice.

## III. <u>Conclusion</u>

For the foregoing reasons, the Court **GRANTS** Defendant Darlington Veneer's motion to lift stay (Dkt. No. 97), **GRANTS** Defendant Edward Bell's motion to lift stay (Dkt. No. 100), **LIFTS** the stay of this case, **VACATES** its order of October 14, 2017 (Dkt. No. 59), **GRANTS** Plaintiff's motion to dismiss (Dkt. No. 54), and **DISMISSES WITHOUT PREJUDICE** the complaint. All other pending motions are terminated as moot.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel<br>
Richard Mark Gergel<br>
United States District Court Judge

May 23, 2017
Charleston, South Carolina